## ESTATE OF YATES.
## YATES, Adm'r, v. McDONALD et al.

No. 9670—Opinion Filed Feb. 20, 1923.

(Syllabus.)

**1. Descent and Distribution — "Advancements"—Statute.**

The law governing advancements is stated in section 8430, Revised Laws of 1910, as follows:

"All gifts and grants are made as advancements, if expressed in the gift or grant to be so made, or if charged in writing by the decedent by an advancement, or acknowledged in writing as such by the child or other successor or heir.

**2. Same—Accounts as Advancements—Judgment—Evidence.**

Record examined, and held, that the judgment of the trial court holding that the accounts sought to be charged against the distributive shares of the petitioners cannot be allowed as "advancements," as defined by the foregoing section of the statute, is sufficiently sustained by the evidence.

Error from District Court, Stephens County; Cham Jones, Judge.

Petitions by Ida McDonald and Ada Duncan for payment of distributive shares of estate of W. A. Yates, deceased. From order directing such payment, W. C. Yates, administrator, brings error. Affirmed.

J. B. Wilkinson and J. W. Sandlin, for plaintiff in error.

E. H. Bond, Womack & Brown and Bond, Melton, & Melton, for defendants in error.

KANE, J. The question presented for review herein arose as follows: The defendants in error, Ida McDonald and Ada Duncan, two of the heirs at law of W. A. Yates, deceased, petitioned the county court for an order directing the administrator of said estate to pay to said petitioners, Ida McDonald and Ada Duncan, the sum of $714.28 each as their distributive share of certain moneys received by said administrator as assets of said estate.

The petitions were heard in the county court and denied for the reason that it appeared from the evidence that each of said heirs was at the time indebted to the estate in a greater sum than the distributive share prayed for, and therefore the petitions were denied and the administrator was ordered to apply the distributive share in each case to such indebtedness.

Thereafter the petitioners appealed from the order of the county court to district court, where, upon trial de novo, the judgment of the county court was reversed and an order entered requiring the administrator to pay said petitioners the sum of $714.28 each, as prayed for in their respective petitions.

It is to reverse the order of the district court reversing the order of the county court that this proceeding in error was commenced.

The sole ground for reversal assigned in this court is stated by counsel for plaintiff in error in their brief as follows:

"The judgment of the court is contrary to the evidence and is not supported by the evidence."

In our opinion this assignment of error is without merit. The offsets allowed by the county court in each case consisted of certain book accounts due for goods and merchandise furnished by the deceased, W. A. Yates, during his lifetime for the support and maintenance of the families of D. D. McDonald and Gregg Duncan, the husbands respectively of the petitioners. While these accounts appear to have been kept in the name of the husbands, respectively, there is some evidence tending to show that it was the purpose of the decedent to charge any remaining balance due at the time of his death against the distributive shares of the petitioners in his estate.

The law governing advancements is stated in section 8430, Revised Laws of 1910, as follows:

"All gifts and grants are made as advancements, if expressed in the gift or grant to be so made, or if charged in writing by the decedent as an advancement, or acknowledged in writing as such by the child or other successor or heir."

On the question of fact presented by the assignment of error hereinbefore set out, it is sufficient to say that we have carefully examined the evidence as it appears in the record before us, and are convinced that the judgment of the trial court holding that the accounts sought to be charged against the distributive shares of the petitioners cannot be allowed as "advancements," as defined by the foregoing section of the statute, is sufficiently sustained by the evidence.

For the reasons stated, the judgment of the trial court is affirmed.

JOHNSON, V. C. J., and McNEILL, KENNAMER, NICHOLSON, COCHRAN, and BRANSON, JJ., concur.